PONDER, Justice.
 

 This is an appeal from a judgment rendered on a rule to reduce alimony.
 

 The plaintiff, wife, brought suit on May 17, 1932, against the defendant, husband, for separation from bed and board, in which she asked for the temporary custody of their minor child and for $150 per month alimony pendente lite. On May 27, 1932, by rule the defendant was condemned to pay the plaintiff $45 per month alimony pendente lite. The alimony was fixed at $45 per month in the judgment of separation from bed and board rendered January 16, 1933. On May 2, 1934, the amount of the alimony was reduced from $45 per month to $40 per month on a rule issued at defendant’s instance. On February 26, 1937, plaintiff obtained judgment of final divorce and judgment condemning the defendant to pay her $40 per month alimony. On March 2, 1937, the present rule to reduce the amount of the alimony was-issued at the instance of the defendant. The court after hearing the rule on March 5, 1937, reduced the amount of the alimony from $40 per month to $20 per month. It is from this judgment the defendant appeals. The plaintiff has answered the appeal asking that the amount of alimony be increased to $40 per month. '
 

 Upon examination of the evidence we find that the child is now of age; that the child is not giving any support to the plaintiff ; and that the plaintiff has no property or income. The evidence as to the net income of the defendant is very conflicting. The evidence shows that the defendant operates a small grocery store, employs help and operates a small truck in connection with his business. The lower court was of the opinion, as evidenced by its judgment, that the defendant’s income was more than $30 per month. However, the lower court, in view of the evidence and the fact that the plaintiff is not entitled to any alimony for the support of the child since it has reached the age of majority, reduced the alimony from $40 to $20 per month.
 

 Under the facts in this case, we can see no good reason to disturb the judgment of the lower court.
 

 For the reasons assigned, the judgment is affirmed. The cost of this appeal to be paid by the appellant.
 

 HIGGINS, J., absent.